UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCH
CIVIL ACTION NO. 5:17CV-P40-GNS

ANTHONY ANTONIO EDDINS                                                      PLAINTIFF

v.

CARIE POWELL *et al.*                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Anthony Antonio Eddins filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons stated below, the Court will dismiss some claims and allow Plaintiff to amend his complaint.

**I.**

Plaintiff, a convicted inmate, brings this action concerning his previous incarceration at Fulton County Detention Center (FCDC). He sues the following FCDC personnel in their official capacities only: Carie Powell, identified as the FCDC Jailer; Molly Niemi, identified as "3rd shift supervisor"; and Kevin Hardin, identified as a deputy.

Plaintiff alleges that on March 3, 2017, he and two other inmates were "assaulted and held against our will by 12 inmates." He describes the incident as follows:

> [The other inmates] made us pack up and go to the front door, we was then made to beat and kick on the window and doors while screaming for help as loud as we could, that lasted for about 20 minutes or longer. The officers never came. We was then force to stand still in place (not to move or make a sound) till the officer came around, the officer never came. That's when we were assaulted (jumped) this lasted from anywhere from 5 to 10 minutes, after that they made us stand back in place. The officers still never came. They than made us change our bloody clothes and put on clean one's. We set still for awhile longer. When the officers finally came around we had him open the door. We told them what

happened to us. All of this happened around 11:00 pm and they didn't come get us till almost 2:00 am.

Plaintiff further alleges that "the only one they did a medical intake on" was one of the other inmates who was beaten because his "eye was busted open." Plaintiff maintains that "[t]hey" never did a medical intake on Plaintiff or the third inmate and that "[t]hey" never pulled them out to talk about the matter. He asserts that the incident was never investigated.

Plaintiff states, "None of the officers was back there during this whole time. They never did their hourly rounds and the person in the control room wasn't watching the camera's. That dorm has two camera's." Finally, he contends, "They put us in harms way and our life was in extreme danger and it could've been worse than it was."

As relief, Plaintiff seeks compensatory and punitive damages and to have the "facility reprimanded and investigated."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint

in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

### III.

Plaintiff brings this action under § 1983. "Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff sues Defendants in their official capacities only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is

an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Therefore, the Court construes Plaintiff's official-capacity claims as brought against their employer, presumably Fulton County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that Defendants failed to monitor inmates properly and that he was assaulted by other inmates as a result. However, he does not allege that the

action or inaction of Defendants occurred as a result of a policy or custom implemented or endorsed by Fulton County. The complaint alleges an isolated event. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Accordingly, Plaintiff's official-capacity claims will be dismissed for failure to state a claim upon which relief may be granted.

Moreover, while Plaintiff names Powell, Niemi, and Hardin as Defendants, he does not state specific allegations against them in the body of his complaint or state how they were directly involved in the alleged events. While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Plaintiff fails to state in the complaint the grounds for seeking relief against Powell, Niemi, and Hardin. Therefore, had he sued Defendants in their individual capacities, the claims against them would be subject to dismissal on this basis.

"[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Court will allow Plaintiff an opportunity to amend his complaint to name Defendants in their individual capacities and to describe the facts surrounding how each Defendant allegedly violated his rights.

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's official-capacity claims against Powell, Niemi, and Hardin are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint naming Defendants in their individual capacities and describing the specific facts surrounding how each Defendant allegedly violated his rights.**

The Clerk of Court is **DIRECTED** to place the case number and word "Amended" on a § 1983 complaint form and send it, along with three summons forms, to Plaintiff for his use should he wish to amend the complaint.

**Plaintiff is WARNED that should he fail to file an amended complaint within 30 days, the Court will enter an Order dismissing the action for the reasons stated herein**.

Date: August 18, 2017

**Greg N. Stivers, Judge
United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Fulton County Attorney
4416.010