UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCH
CIVIL ACTION NO. 5:17CV-P40-GNS

ANTHONY ANTONIO EDDINS                                          PLAINTIFF

v.

CARIE POWELL *et al.*                                          DEFENDANTS

## MEMORANDUM AND ORDER

Plaintiff Anthony Antonio Eddins filed the instant *pro se* action under 42 U.S.C. § 1983. This matter is before the Court on a letter filed by Plaintiff in which he requests the "name and contact information for the appointed counsol for the plaintiff" (DN 7). The Court construes the letter as a motion requesting the appointment of counsel.

However, the appointment of counsel is not a constitutional right in a civil case such as this action brought under 42 U.S.C. § 1983. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Under 28 U.S.C. § 1915(e)(1),[1] court-enlisted assistance of counsel is not mandatory but merely a matter of discretion. *See, e.g.*, *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.'") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

---

[1] Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (emphasis added).

The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel. A review of the documents filed by Plaintiff thus far reveals that he is familiar with the workings of the legal system and able to present his case to the Court. "[T]here is nothing exceptional concerning [a prisoner's] incarceration or poverty that extraordinarily debilitates his ability to investigate crucial facts." *Coates v. Kafczynski*, No. 2:05-CV-3, 2006 U.S. Dist. LEXIS 8641, at *4 (W.D. Mich. Feb. 22, 2006). Indeed, "[t]hese are ordinary and routine impediments incident to prisoner litigation." *Id*. Consequently, the Court finds that Plaintiff has not set forth any "exceptional circumstances" warranting appointment of counsel at this stage. Accordingly,

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel (DN 7) is **DENIED**.

Date: August 18, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Fulton County Attorney
4416.010