UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-CV-40-TBR

ANTHONY ANTONIO EDDINS                                     PLAINTIFF

v.

CARRIE POWELL, MOLLY NIEMI,                            DEFENDANTS
AND KEVIN HORTON

## MEMORANDUM OPINION

This matter is before the Court On motion by Defendants, Carrie Powell, Molly Niemi, and Kevin Horton, for summary judgment. (R. 49). Plaintiff, Anthony Antonio Eddins, has not responded and the time to do so has passed. This matter is ripe for review, and for the following reasons, Defendants' motion for summary judgment is **GRANTED.**

## BACKGROUND

Plaintiff Eddins brings this action concerning his previous incarceration at Fulton County Detention Center ("FCDC") pursuant to 42 U.S.C. § 1983. Plaintiff claims that his constitutional rights were violated when FCDC employees failed to perform their supervisory duties. More specifically, Plaintiff alleges that FCDC employees allowed other inmates to assault him and failed to provide a safe and secure monitored environment.

Plaintiff claims that he was assaulted by other inmates on March 3, 2017. (R. 10). Plaintiff further alleges that it was Kevin Horton's responsibility to do hourly safety checks during the time period the assault occurred, that it was Molly Niemi's responsibility to make sure Horton performed his checks, and that it was Carrie Powell's duty to ensure that Niemi fulfills her responsibilities. (*Id.*) Plaintiff claims that:

> finally around 2:00 am deputy [Horton] finally arrived to do a safety check finding 3 assaulted inmates, very destraut, brusied, and bleeding after being removed from the cell we where placed in the hall way by deputy [Horton] until the supervisor Ms Niemi arrived. When Ms. Niemi arrived she tried to force us into the joining cell #205. We refused to go and where threatened with being placed in isolation until we started complaining about our injuries ounce shift supervisor Niemi realized that inmate Allen was bleeding from an open wond above his eye, we was taken off the 200 block to the deputy station between 100 block and 200 block where our injuries where photo graphed on deputy [Horton's] body camera. They took inmate Allen to the hospital and when I asked for medical assistance they refused to take me to the hospital with inmate Allen (I also feel that my constitutional rights where violated for failer to receive adaguate medical attention (which is directly both deputy [Horton] and also shift supervisor Niemi fault). . . .

(*Id.*). Plaintiff alleges that Defendants did not provide him with medical attention or investigate the incident. (*Id.*).

FCDC policy provides inmates with an internal administrative grievance process. (R. 49-13). The policy provides:

> Any inmate shall be allowed to file a grievance at such time as the inmate believes he or she has been subject to abuse, harassment, abridgement of civil rights, or denied privileges specified in the posted rules (Grievance must be restricted to incidents which occur while the prisoner is in the custody of the facility). No prisoner shall fear against reprisal for initiating grievance procedures in an attempt to resolve legitimate complaints.

(R. 49-13 at 1). The FCDC policy and procedures also provide rules for how a grievance must be made, grievance content requirements, and provides for an internal administrative appeals process. (*Id.*). Plaintiff signed his civil complaint on March 9, 2017. Plaintiff alleges that he filed grievances on March 4 and March 9, 2017. (R. 10 at 7). There is no evidence on the record that Plaintiff completed FCDC's internal administrative appeals process.

Defendants filed their motion for summary judgment on October 12, 2018. (R. 49). On March 19, 2019, this Court issued an order pursuant to *United States v. Ninety-Three Firearms*, 330 F.3d 414 (6th Cir. 2003) providing Plaintiff with guidance in responding to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure and granted Plaintiff an

additional thirty days to respond. Those thirty days have now passed and Plaintiff has chosen not to respond.

**STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 556 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestle USA, Inc.*, 694 F. 3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251-52).

As the party moving for summary judgment, Defendants must shoulder the burden of showing the absence of a genuine dispute of material fact, as to at least one essential element of Plaintiff's claim. Fed. R. Civ. P. 56(c); *see Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). If Defendants satisfy their burden of production, Plaintiff "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324). Although Plaintiff has not opposed the motion for

summary judgment, a verified complaint "carries the same weight as would an affidavit for the purposes of summary judgment." *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).

## DISCUSSION

Plaintiff has not responded to Defendants' motion for summary judgment and the time to do so has passed. In fact, the Court issued an order explaining the consequences of failure to respond to the motion and providing Plaintiff with guidance on how to respond. (R. 50). Furthermore, the Court granted Plaintiff additional time to respond to Defendants' motion for summary judgment. (*Id.*). Even after being warned and granted additional time, Plaintiff has chosen not to respond to the motion for summary judgment. Pursuant to Joint Local Rule of Civil Practice 7.1(c), "[f]ailure to timely respond to a motion may be grounds for granting the motion." *See also Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (recognizing that a party's lack of response to a motion or argument therein is grounds for the district court's grant of an unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Paulmann v. Hodgdon Powder Co., Inc.*, No. 3:13-CV-0021-CRS-DW, 2014 WL 4102354, *1-2 (W.D. Ky. Aug. 18, 2014) (holding that plaintiffs failure to respond or otherwise oppose defendant's motion to dismiss established that the plaintiff had waived opposition to the motion). Because Plaintiff has failed to oppose Defendants' motion for summary judgment, he waives opposition to the motion.

Nevertheless, the Court must determine whether Defendants have satisfied their burden under Federal Rule of Civil Procedure 56, which requires the moving party to demonstrate that there is no genuine dispute of material fact and that the moving party is therefore entitled to judgment as a matter of law. *See Miller v. Shore Fin. Servs., Inc.*, 141 Fed. App'x 417, 419 (6th

Cir. 2005). Defendants have informed the Court that there is no genuine dispute of material fact regarding whether Plaintiff completed the jail's internal grievance procedure—including appeals—prior to filing his complaint with this Court. (R. 49-1 at 9). 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Proper exhaustion requires the exhaustion of available intermediate reviewing authority and final administrative review procedures. *See Booth v. Churner*, 532 U.S. 731, 734-35 (2001). FCDC's grievance procedures state that:

> If not satisfied with the disposition of the grievance by the Jailer, the inmate shall be furnished paper, pencil, and an envelope in order to set forth his grievance in writing and his objection to the disposition of the grievance. The inmate's appeal letter will then be forwarded to the Department of Corrections.

(R. 49-13 at 2). Plaintiff must have completed this administrative appeal process prior to filing his civil suit to comply with the PLRA. It is undisputed from the record that Plaintiff filed his civil action before completing FCDC's administrative appeals procedure.

Because Defendants have cited to specific evidence on the record indicating that there are no disputed facts regarding whether the Prison Litigation Reform Act's ("PLRA") exhaustion requirement, Plaintiff "may not 'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. Caresource*, 576 F.3de 551, 558 (6th Cir. 2009) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)). Plaintiff has offered no evidence— such as affidavits, depositions, answers to interrogatories, or statements made in his verified complaint—to counter Defendants' well supported motion for summary judgment on this issue. Even if contradictory evidence were on the record, it is Plaintiff's burden to identify it. *Rutherford*

*v. Lake Michigan Contractors, Inc.*, 28 Fed. Appx 395, 399-400 (6th Cir. 2001) ("The nonmoving party has the burden of directing the Court's attention to specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.") (citing *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001)). Because Plaintiff has not identified any such evidence, Defendants are entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is **GRANTED.** The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

May 1, 2019

cc: Counsel of Record.
cc: Anthony Antonio Eddins, *Pro Se*
217288
Kentucky State Penitentiary
Eddyville, KY 42038